IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF LSTAR COMMERCIAL MORTGAGE TRUST 2011-1, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2011-1, | § § § § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-12-0147 |
| GURPREET SINGH, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending is Plaintiff's Motion for Summary Judgment (Document No. 6), in which Plaintiff seeks summary judgment on its claim against Defendant Gurpreet Singh for breach of a guaranty agreement. Defendant has not filed a response to the Motion for Summary Judgment.

Having considered Plaintiff's Motion for Summary Judgment and the supporting summary judgment evidence, the absence of a response, and the applicable law, the Court[1] ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment (Document No. 6) is GRANTED.

---

[1] On May 25, 2012, pursuant to the consent of the parties, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 8.

## I.  Background

Plaintiff filed this case against Defendant Gurpreet Singh, seeking to recover on a guaranty agreement. According to the allegations in the Complaint, Singh entered into a guaranty agreement, whereby he personally and unconditionally guaranteed a commercial real estate loan, in the amount of $1,837,500.00, that was issued to G. Singh Enterprises, LLC. (referred to hereafter as "the Note"). G. Singh Enterprises, LLC defaulted on the Note, and then filed for bankruptcy protection under Chapter 11. After the automatic stay was lifted by the Bankruptcy Court, the property that secured the Note, a multi-family apartment building in Tomball, Texas, was sold at a foreclosure sale on March 6, 2012, for $800,000.00. That left a deficiency, as of April 10, 2012, of $1,114,650.52 due and owing on the Note. Plaintiff seeks, in this action, and with its Motion for Summary Judgment, to recover from Defendant Gurpreet Singh, individually, based on the guaranty agreement, the amounts that remain due and owing on the Note.[2]

## II.  Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden,[3] the burden shifts to the nonmovant, "who must, by submitting or

---

[2] Defendant Gurpreet Singh, individually, was not a party to the bankruptcy of G. Singh Enterprises, LLC.

[3] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the

referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

**III.   Discussion**

In its Motion for Summary Judgment, Plaintiff maintains that summary judgment is warranted on its breach of contract claim. According to Plaintiff, the summary judgment evidence

---

record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

3

shows that it is the current owner of the Note and the guaranty agreement; that the terms of the Note are not in dispute; that G. Singh Enterprises, LLC. defaulted on the Note; and that Singh is liable, based on his unconditional guaranty of the indebtedness pursuant to the guarantee agreement, for all amounts due and owing on the Note, including interest and attorneys' fees.

Here, Defendant Gurpreet Singh has not filed a response to Plaintiff's Motion for Summary Judgment. In addition, there is no summary judgment evidence to controvert that of Plaintiff, which establishes Defendant Gurpreet Singh's indebtedness on the Note pursuant to the terms of the guaranty agreement. That guaranty agreement provides as follows:

> 1. **GUARANTY**
>
> Guarantor absolutely, unconditionally and irrevocably guarantees and promises to Lender: (i) the prompt, complete and full payment and performance when due (whether at the stated maturity, by acceleration or otherwise) of Borrower's Recourse Obligations; and (ii) in addition to all other amounts due hereunder, the prompt, complete and full payment, upon demand, of all attorneys' fees, costs and expenses (including, without limitation, the allocable fees and costs of Lender's staff attorneys), and all other costs and expenses incurred by Lender in enforcing any rights or remedies under or otherwise in connection with this Guaranty or any of the Loan Documents (including in the context of any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Guaranty or any of the Loan Documents). . . .
>
> \* \* \*
>
> 3. **GUARANTY TO BE ABSOLUTE; INDEPENDENT; CONTINUING**
>
> > a. This is an absolute and unconditional and continuing guaranty of payment and performance and not of collection. The obligations of Guarantor under this Guaranty shall be performed immediately upon demand by Lender and shall be absolute and unconditional, irrespective of (i) the genuineness, validity, regularity or enforceability of the Loan Documents; (ii) any action, omission or circumstance that might increase the likelihood that Guarantor may be called upon to perform under this Guaranty; (iii) any action of Lender described in Section 2 above; or (iv) any other circumstance that might otherwise discharge, reduce, limit or modify Guarantor's

4

> > obligations under this Guaranty, it being the purpose and intent of Guarantor that the obligations of Guarantor hereunder shall be absolute and unconditional under any and all circumstances whatsoever.
>
> b.  The obligations of Guarantor hereunder are independent of and in addition to the obligations of Borrower, and a separate action or actions may be brought and prosecuted against Guarantor, whether or not action is brought against Borrower or whether or not Borrower may be joined in any such action or actions. . . .
>
> \* \* \*
>
> **4.   GUARANTOR'S WAIVERS**
>
> Guarantor waives and agrees not to assert or take advantage of:
>
> (a)   All defenses given to sureties or guarantors at law or in equity other than actual payment of the Note and the Guaranteed Obligations, and performance of the actions, constituting the Guaranteed Obligations. . . .
>
> \* \* \*
>
> **5.   ADDITIONAL WAIVERS**  GUARANTOR WAIVES ANY RIGHTS that Guarantor may have to require Lender to (a) proceed against, give notice to or make demand upon Borrower; (b) proceed against or exhaust any security held from Borrower, any endorser, or any other guarantor; (c) pursue any other remedy in Lender's power whatsoever; or (d) provide notice to Guarantor of any change in the solvency of Borrower or in Borrower's ability to perform any Guaranteed Obligations or pay any Note. . . .

Guaranty Agreement (Document No. 6-7).[4]

Given the terms of the guaranty agreement, the uncontroverted summary judgment evidence that Plaintiff is the owner of the Note, *see* Affidavit of Marc L. Lipshy and the attachments thereto attached to Plaintiff's Motion for Summary Judgment (Document No. 6) as Exhibit A, that G. Singh

---

[4] The Guaranty Agreement was modified on May 4, 2010. The modification did not lessen any of Defendant Singh's guarantor obligations, and Defendant Singh reaffirmed therein his guarantor obligations: "Guarantor acknowledges that, by executing this Acknowledgment, Guarantor expressly reaffirms Guarantor's liability under the Guaranty of Borrower's Recourse Obligations dated as October 4, 2006 (the 'Guaranty') and the other Loan Documents." (Document No. 6-8).

Enterprises, LLC defaulted on the Note, *id.*, and that as of April 10, 2012 $1,114,650.52 remains due and owing on the Note, *id.*, Plaintiff is entitled to summary judgment on its breach of contract claim.

### IV.     Conclusion and Order

Based on the foregoing and the uncontroverted summary judgment evidence on each element of Plaintiff's breach of contract claim, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 6) is GRANTED, and summary judgment is granted in Plaintiff's favor on its breach of contract claim.  Plaintiff shall, within fourteen days after the entry of this Order, submit a proposed judgment that reflects the ruling made herein, including Defendant Singh's liability for pre-judgment interest, post-judgment interest, attorneys' fees, costs and expenses.

Signed at Houston, Texas, this 2nd May day of, 2012.

Frances H. Stacy
United States Magistrate Judge